## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PHYSIOTHERAPY HOLDINGS, INC., *et al.,*<br><br>        Debtors. | Chapter 11 Case<br>Case No. 13-12965 (KG)<br>(Jointly Administered) |
| PAH LITIGATION TRUST,<br><br>        Plaintiff,<br><br>  v.<br><br>WATER STREET HEALTHCARE PARTNERS,<br>L.P. *et al.,*<br><br>        Defendants. | Adversary Proceeding<br>Case No. 15-51238 (KG) |
| PAH LITIGATION TRUST,<br><br>        Plaintiff,<br><br>  v.<br><br>WATER STREET HEALTHCARE PARTNERS,<br>L.P. *et al.,*<br><br>        Defendants. | Case No. 18-01734 (LPS) |

## JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS[1]

---

[1] The parties are continuing to meet and confer regarding these proposed instructions and reserve the right to amend their proposed instructions as necessary to address issues that may arise after service, including the Court's rulings, objections, other disclosures and filings, and other new developments before trial.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

1.0   ROLE OF JURORS ......................................................................................................1

2.0   PARTIES AND NATURE OF THE CASE [DISPUTED] ........................................2

3.0   JURY CONDUCT ......................................................................................................5

4.0   ROLE OF ATTORNEYS ...........................................................................................8

5.0   BENCH CONFERENCES..........................................................................................9

6.0   EVIDENCE IN THE CASE .....................................................................................10

7.0   DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................................12

8.0   DEPOSITION TESTIMONY ...................................................................................13

9.0   USE OF CHARTS AND SUMMARIES ..................................................................14

10.0   CREDIBILITY OF WITNESSES ............................................................................15

11.0   ATTORNEY-CLIENT PRIVILEGE........................................................................16

12.0   EXPERT WITNESSES .............................................................................................17

13.0   BURDEN OF PROOF [DISPUTED] .......................................................................18

14.0   ORDER OF TRIAL ..................................................................................................20

15.0   TRIAL SCHEDULE .................................................................................................21

## 1.0      ROLE OF JURORS

Members of the jury, now that you have been sworn in, I have the following preliminary

jury instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the

law that I will give to you.

You and only you will be the judges of the facts.  You will decide what happened.  I play

no part in judging the facts.  You should not take anything I may say or do during the trial as

indicating what I think of the evidence or what your verdict should be.  My role is to be the judge

of the law.  I make whatever legal decisions have to be made during the course of the trial, and I

will explain to you the legal principles that must guide you in your decisions.  You must follow

that law whether you agree with it or not.

### AUTHORITY

*Moon Express, Inc. v. Intuitive Machines, LLC*, C.A. No. 16-344-LPS (Stark, J.)
Preliminary Jury Instructions; Third Circuit Model Civil Jury Instruction 1.1 (as modified).

1

## 2.0    PARTIES AND NATURE OF THE CASE [DISPUTED]

I will now give you a brief summary of the case and a description of the parties and their contentions.

### Plaintiff's Proposal

The Plaintiff in this case is the PAH Litigation Trust (the "Trust"), a special entity that was created by the federal bankruptcy court here in Delaware in connection with the bankruptcy of a company called Physiotherapy Associate Holdings ("Physiotherapy"). The Defendants are investment funds managed by two private equity firms:  Water Street and Wind Point.

Between 2007 and 2012, Water Street and Wind Point owned nearly 90% of the shares of Physiotherapy, which was a nationwide provider of outpatient physical therapy services based in Exton, Pennsylvania. On April 30, 2012, Water Street and Wind Point sold Physiotherapy to Court Square Capital Partners ("Court Square") for $510 million (the "Transaction"). Court Square put down $213.3 million in cash, and the remainder was funded with debt assumed by Physiotherapy. As part of the Transaction, Physiotherapy transferred $248.6 million to Defendants.

The Trust claims that the transfers of $248.6 million to Water Street and Wind Point were actually and constructively fraudulent under federal and state law. The Trust alleges that, prior to the Transaction, Physiotherapy overstated its net revenues in order to inflate its valuation for purposes of the sale. The Trust claims that Physiotherapy was actually worth less than half of its $510 million purchase price, that its actual net revenues were not sufficient to pay the debt that it took on in the Transaction, and that the Transaction rendered Physiotherapy insolvent.

Defendants deny that Physiotherapy's revenues were overstated and deny that the $248.6 million they received for their shares was a "fraudulent transfer."

The Bankruptcy Court has already determined the amount of damages.  The trial will therefore focus on whether Defendants are liable to the Trust on its claims.

***Defendants' Objection***:  The purpose of this preliminary instruction is to provide the jury with a high-level overview of the case in a neutral, non-argumentative fashion, which is what Defendants' proposal (below) is designed to do.  In contrast, Plaintiff's statement is argumentative, one-sided, and is likely to mislead the jurors as it both misstates facts, and misstates the issues in the case.  The statement prejudices Defendants to the extent it contains two entire paragraphs detailing Plaintiff's allegations, but summarizes Defendants' position in one sentence.  It also fails to include any mention of Defendants' affirmative defenses.  The statement is also misleading in several respects: (1) it asks the jury to accept as true that "Physiotherapy transferred $248.6 million to Defendants"—this is in fact a highly disputed issue that Plaintiff has not proved, and must prove at trial; (2) it states that damages have been resolved as a matter of law, when no such finding has been made; and (3) by describing the Plaintiff as a "Trust . . . created by the federal bankruptcy court," the statement is likely to mislead jurors into equating the Plaintiff with a Bankruptcy Trustee—which it is not, and adds an imprimatur of approval by the Court—which it does not have.  Further the description of the Plaintiff is overly laudatory compared to the description of the Defendants.  As a whole, Plaintiff's statement appears designed to pre-argue the case to the jury, and lower its burden to prove the elements of its claims.

**<u>Defendants' Proposal</u>**

The plaintiff in this case is the PAH Litigation Trust, an entity created for the purposes of this litigation.  It is referred to as "Plaintiff," or the "Litigation Trust."

The defendants are two investment funds and their related entities, that I will refer to as "Water Street" and "Wind Point."   All of the defendants are referred to collectively as "Defendants."

From 2007 to 2012, Defendants Water Street and Wind Point were shareholders and indirect investors of a company called Physiotherapy Associates Holdings, Inc., which I will also refer to as "Physiotherapy" or sometimes the "Company."  Physiotherapy was purchased by Court Square Capital Partners, which I will refer to as "Court Square," in 2012.  I will sometimes refer to this purchase as the "Transaction."

In this case, the Litigation Trust claims that the alleged transfers of $248.6 million to Water Street and Wind Point in connection with the Transaction were actually and constructively fraudulent under federal and state law.  Defendants contend that there was no fraud, either actual or constructive, and assert various defenses under state and federal law.  Finally, the parties disagree about damages.

***Plaintiff's Objection***:  Plaintiff objects that Defendants' statement is overly argumentative, misstates facts, lacks background facts necessary for the jury to be able to understand the nature of the case, and identifies issues that have already been resolved as a matter of law as triable issues.  For example, it describes the Trust as "an entity created for the purposes of litigation" and refers to it as the "Litigation Trust" when such descriptions are unnecessary and appear solely designed to portray the Trust as an aggressive litigant.  The statement is also misleading and incomplete because it does not state that the Trust was created by the Bankruptcy Court and jurors could believe it was created by interested parties.  Additionally, the statement inaccurately suggests that Wind Point and Water Street were some of many shareholders in Physiotherapy when it is undisputed that they were controlling shareholders, controlling nearly 90% of Physiotherapy prior to the sale.  The statement also fails to provide the jury with any background on the facts of the fraudulent transfer claim.  Further, the statement suggests that damages are a triable issue when the issue of damages has been resolved as a matter of law.

4

### 3.0    <u>JURY CONDUCT</u>

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them.  In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided.  If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.  By that I mean, if there may be a newspaper or Internet article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or make any investigation about the case on your own.  Let me elaborate.  During the course of the trial, you must not conduct any independent research about the case, the matters in the case, and the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or any other electronic means.  Also, again, should there happen to be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the Courtroom.  Please do not try to find out information from any other sources.

I know that many of you use cell phones, smart phones, iPads, the Internet, and other tools of technology.  You must not use these tools or any other means to communicate electronically with anyone about the case.  This includes your family and friends.

5

You must not communicate with anyone about the case on your phone, through e-mail, texting, on Twitter, Snapchat, or WhatsApp, through any blog or website, through any Internet chat room, or by way of any other social networking websites, including Facebook, Instagram, LinkedIn, or YouTube.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

During the trial you may, but are not required to, take notes regarding testimony; for example, exhibit numbers, impressions of witnesses, or other things related to the proceedings. A word of caution is in order.  There is generally, I think, a tendency to attach undue importance to matters which one has written down.  Some testimony, which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Also, keep in mind that you will not have a transcript of the testimony to review.  So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.  If you do take notes, you must leave them in the jury deliberation room which is secured at the end of each day.  And, remember that they are for your own personal use.  At the conclusion of this trial, your notes will be collected and destroyed without review.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## <u>AUTHORITY</u>

*Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284 (Stark, J.) Preliminary Jury Instruction No. XIV (as modified); Third Circuit Model Civil Jury Instruction 1.3 (as modified).

## 4.0    <u>ROLE OF ATTORNEYS</u>

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law.  What the attorneys say is not evidence.  Instead, whatever they say is intended to help you review the evidence presented.  If you remember the evidence differently from the attorneys, you should rely on your own recollection.

An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

## <u>AUTHORITY</u>

*Moon Express, Inc. v. Intuitive Machines, LLC*, C.A. No. 16-344-LPS (Stark, J.) Preliminary Jury Instructions (as modified).

### 5.0     **BENCH CONFERENCES**

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is sometimes called a sidebar.  If that happens, please be patient.  [I may play white noise during the conference.]

We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of theses conferences to a minimum.

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### **AUTHORITY**

*Moon Express, Inc. v. Intuitive Machines, LLC*, C.A. No. 16-344-LPS (Stark, J.) Preliminary Jury Instructions; Third Circuit Model Civil Jury Instruction 1.4.

## 6.0    EVIDENCE IN THE CASE

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses, whether live or by way of deposition;

2.      Documents and other things received as exhibits;

3.      Any facts that are stipulated—that is, formally agreed to by the parties; and

4.      Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by lawyers;

3.      Any testimony I tell you to disregard; and

4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.  You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.  You should not be influenced by the fact that an objection is made.  Objections to questions are not evidence.  Lawyers have an

obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

You may hear evidence that is received for particular limited purposes.  This evidence can be considered by you as evidence for those limited purposes, as I will explain them.  It may not be used for any other purpose.

Only the lawyers and I are allowed to ask questions of witnesses.  You are not permitted to ask questions of witnesses.

## **AUTHORITY**

*Moon Express, Inc. v. Intuitive Machines, LLC*, C.A. No. 16-344-LPS (Stark, J.) Preliminary Jury Instructions (as modified); Third Circuit Model Civil Jury Instruction 1.5 & 2.10 (as modified).

### 7.0     <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  For example, if a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  For example, if someone walked into the Courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining outside.

As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.  In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

### <u>AUTHORITY</u>

*Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284 (Stark, J.) Preliminary Jury Instruction No. V; Third Circuit Model Civil Jury Instruction 1.6 (as modified).

## 8.0   <u>DEPOSITION TESTIMONY</u>

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  The deposition may also be recorded on videotape.

During the trial, certain testimony may be presented to you by the reading of a deposition transcript or by the playing of segments of videotaped deposition testimony.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

In this case, certain deposition testimony by individual witnesses was given on behalf of a corporation or other entity.  It will be made clear to you whether witness testimony is on behalf of an entity or in the witness's individual capacity.

## <u>AUTHORITY</u>

*Moon Express, Inc. v. Intuitive Machines, LLC*, C.A. No. 16-344-LPS (Stark, J.) Preliminary Jury Instructions (as modified); Third Circuit Model Civil Jury Instruction 2.5 (as modified).

## 9.0  USE OF CHARTS AND SUMMARIES

During the trial, the parties may present exhibits in the form of charts and summaries.  I may decide to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  Once admitted, you should consider these charts and summaries as you would any other evidence.

Additionally, certain charts and summaries that are not received in evidence may be shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case.  These charts and summaries are not themselves proof of any facts.  They are not binding on you in any way.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the evidence.

## AUTHORITY

Third Circuit Model Civil Jury Instruction 2.7 & 2.8 (as modified).

## 10.0    CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of each witness's credibility. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says, or part of it, or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

(1)    the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the strength of the witness's understanding and memory;

(3) the witness's manner or demeanor on the witness stand;

(4) any motive, bias or prejudice or interest of the witness;

(5) whether the testimony is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that could affect the credibility of the testimony.

## AUTHORITY

*Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284 (Stark, J.) Preliminary Jury Instruction No. VI; *Moon Express, Inc. v. Intuitive Machines, LLC*, C.A. No. 16-344-LPS (Stark, J.) Preliminary Jury Instructions; Third Circuit Model Civil Jury Instruction 1.7 (as modified).

## 11.0   <u>ATTORNEY-CLIENT PRIVILEGE</u>

During the trial, you should know that it's perfectly proper for any witness to invoke the attorney-client privilege while testifying, and you shouldn't draw any conclusion adverse to either party simply because a witness has invoked the privilege.  Nor should you speculate on what the witness might have testified if the privilege had not been raised. Confine your deliberations to the testimony that you have heard and to the documents in evidence.

### AUTHORITY

*Moon Express, Inc. v. Intuitive Machines, LLC*, C.A. No. 16-344-LPS (Stark, J.) Preliminary Jury Instructions

16

## 12.0   <u>EXPERT WITNESSES</u>

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.   When knowledge of technical subject matter may be helpful to the jury, an expert is permitted to state an opinion on those technical matters.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all of the other evidence in the case.  You are free to accept or reject the testimony of experts, just as with any other witness.

### <u>AUTHORITY</u>

*Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284 (Stark, J.) Preliminary Jury Instruction No. VII.

17

## 13.0   BURDEN OF PROOF [DISPUTED]

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof."

The Trust must prove its claims by a "preponderance of the evidence."   That means that the Trust must produce evidence that, when considered in light of all of the facts, leads you to believe that what that party claims is more likely true than not true.  To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting the Trust's claims must make the scales tip somewhat toward the Trust's side.[2]  [**Defendants' Proposal:** The Trust also has the burden to establish the amount of its money damages by a preponderance of the evidence.]

Some of you may have heard the phrase "proof beyond a reasonable doubt."  That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one.  You should therefore not consider it in this case.

## AUTHORITY

*Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284 (Stark, J.) Preliminary Jury Instruction No. VIII (as modified); Third Circuit Model Civil Jury Instruction 1.10 (as modified); *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) ("The party 'bringing the fraudulent conveyance action' bears the burden of proving each of these elements by a preponderance of the evidence."); *In re Green Field Energy Servs., Inc.*, 594 B.R. 239, 289 (Bankr. D. Del. 2018) (same); *In re Zambrano Corp.*, 478 B.R. 670, 690 (Bankr. W.D. Pa. 2012) ("A trustee must show a constructive fraudulent transfer by a preponderance of the evidence."); *ASARCO LLC v. Americas Mining Corp.*, 396 B.R. 278, 335 n.45, 365-69 (S.D. Tex. 2008) (holding that preponderance-of-the-evidence standard applies to Delaware UFTA claims).

***Plaintiff's Objection***:  As Plaintiff has demonstrated in other submissions (D.I. 47 at 11-13; D.I. 62 at 7-9; D.I. 84 at 1-5, D.I. 101 at Ex. 6 (PTO App'x with MILs)), the Bankruptcy Court resolved the measure of damages on summary judgment, and its Order is now the binding law of the case.  Damages is not an issue for the jury and therefore should not be addressed in

---

[2]   In the event the Court permits any of Defendants' affirmative defenses to proceed to trial, Plaintiff reserves the right to modify this instruction to make it clear that Defendants bear the burden on their affirmative defenses.

instructions in this case.  The fact that the language has been used in other cases where damages are before the jury, has no bearing.  Additionally, Plaintiff believes that it is inappropriate to reference the burden of proof on a single issue because it calls undue attention to that issue and suggests it is more important than the other issues being tried.

***Defendants' Response:***  Defendants dispute that the measure of damages has been determined by the Bankruptcy Court, as Defendants have explained in other submissions (D.I. 63 at 7-15; D.I. 101 at 25, 100-111; D.I. 101-6 (Defendants' Opposition to Plaintiff's MIL #1).  Moreover, the disputed sentence was included in *Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284 (Stark, J.) Preliminary Jury Instruction No. VIII (as modified).  It does not call undue attention to damages, but makes clear that the same burden of proof holds throughout the case—including to damages.

## 14.0   <u>ORDER OF TRIAL</u>

The case will now begin.

First, Plaintiff may make an opening statement outlining its case.  Then Defendants may make an opening statement outlining their case.  Opening statements are not evidence; their only purpose is to help you understand what the evidence will be.

Next, the parties will present their evidence.  Plaintiff will first introduce evidence to support its claims.  When Plaintiff is finished, Defendants will introduce evidence to defend against Plaintiff's claims.  After the parties' main cases are presented, they may be permitted to present what is called rebuttal evidence.

After all of the evidence is in, the lawyers will offer closing arguments.  The closing arguments are not evidence.  Their purpose is to summarize and interpret the evidence that has been presented.  I will then give you instructions on the law and describe for you the matters you must resolve.  You will then retire to the jury room to deliberate on your verdict.

### <u>AUTHORITY</u>

*Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284 (Stark, J.) Preliminary Jury Instruction No. XVII (as modified); Third Circuit Model Civil Jury Instruction 1.12 (as modified).

## 15.0   TRIAL SCHEDULE

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial.  As I mentioned previously, once trial begins, this case is expected to take up to _____ business days to try, between now and _____.

We will normally begin the day at 9:00 a.m.  We will go until lunch and, after about a half-hour break for lunch, continue until 4:30 p.m.  There will be a break in the morning and another break in the afternoon.

What I have just outlined is the general schedule.  It is possible there will be some interruptions as I have to attend to other matters.  The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Please keep in mind that this is a timed trial.  That means I have allocated each party a maximum number of hours in which to present all portions of its case.  This allows me to assure you that we expect to be completed with this case by _____.

Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.

One final word. I told you when I intend to take breaks and how often I aim to take breaks, but if any of you need an additional break at any time, that is fine.  You just need to get my attention or my assistant's attention.  That can be done usually by waving or raising a hand or, if need be, standing.  And so if you need a break for any reason at any other times, please just get our attention.

21

## <u>AUTHORITY</u>

*Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284 (Stark, J.) Preliminary Jury Instruction No. XVIII (as modified).